I respectfully dissent from the majority's holding that the appellant's statement to police was not an unambiguous request for counsel. The appellant's question during police interrogation, "Is it going to piss y'all off if I ask for my— to talk to a friend that is an attorney? I mean, I'm goingto do whatever I have got to do. Don't get me wrong," was sufficient to convey to the police officers interrogating him that he wanted to talk to a lawyer.
This question was an "unequivocal" request for counsel. SeeDavis v. United States, 512 U.S. ___, 114 S.Ct. 2350,129 L.Ed.2d 362 (1994). As the United States Supreme Court stated in Davis:
 "The suspect must unambiguously request counsel. As we have observed, 'a statement either is such an assertion of the right to counsel or it is not.' Smith v. Illinois, 469 U.S., [91] at 97-98, 105 S.Ct., [490] at 494 [83 L.Ed.2d 488 (1984)]. . . . Although a suspect need not 'speak with the discrimination of an Oxford don,' . . . he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney."
512 U.S. at ___, 114 S.Ct. at 2355, 129 L.Ed.2d at 371.
The statement in the present case can only be construed as a request for counsel. The phrase, "Is it going to piss y'all off if . . ." suggests that the interrogatee did not want to arouse the anger of the interrogators. The phrase, "I mean, I'm going to do whatever I have got to do," indicates that the interrogatee thought he would have to make a statement and was not refusing to "do whatever [he has] got to do." The phrase, "Don't get me wrong," again is a request to the interrogators not to interpret any of the interrogatee's actions as hostile or uncooperative. Once these fear-based qualifying statements from the interrogatee are dealt with, what he is saying is that he wanted "to talk to a friend that is an attorney." This is a real-life interrogation and a real-life request for an attorney by an intimidated suspect who is in close confinement and is surrounded by law enforcement officers.
Because the authorities disregarded the appellant's unequivocal request for counsel and continued the questioning, the appellant's statement should have been suppressed. Receipt of the statement into evidence violated his constitutional right to counsel.